**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4412

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH D. CASTELLANO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:07-cr-00182-RAJ-JEB-1)

Submitted:  December 28, 2023                          Decided:  January 10, 2024

Before NIEMEYER, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Andrew W. Grindrod, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Joseph Kosky, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph D. Castellano appeals the district court's order revoking his supervised release and sentencing him to 12 months' imprisonment and a lifetime term of supervised release. He argues that the court abused its discretion in finding that he violated one of the special conditions of his supervised release, which prohibits him from having contact with minors "unless accompanied by a responsible adult . . . who has been approved in advance by the [district c]ourt or the probation officer" (the "condition"). (J.A. 30).[1] Specifically, Castellano contends that the condition's approval requirement is unclear and constitutes an improper delegation of authority to the probation officer. Finding no error, we affirm.

"We review a district court's factual findings underlying a revocation of supervised release for clear error and its ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. Cohen*, 63 F.4th 250, 254 (4th Cir. 2023) (cleaned up). We review "purely legal matters," such as the meaning of a condition of supervised release, de novo. *Id.* at 255 (declining to defer to district court's interpretation of a supervised release condition); *see also United States v. Comer*, 5 F.4th 535, 541 (4th Cir. 2021) (reviewing vagueness challenge to supervised release condition de novo).

We turn first to Castellano's contention that the meaning of the condition's approval requirement is unclear. In determining the meaning of a condition of supervised release, "the text of [the] special condition . . . remains the most important source of information." *Comer*, 5 F.4th at 542. Additionally, we afford the conditions' terms "their commonsense

---

[1] "J.A." refers to the joint appendix filed by the parties in their appeal.

meaning." *Cohen*, 63 F.4th at 253-54 (noting that it is "axiomatic that a statute means what it says" and that "[c]onditions of supervised release are similar" in that they are "given their commonsense meaning" (internal quotation marks omitted)).

Here, Castellano admits that the condition's approval requirement plainly required him to "obtain the probation officer's formal permission" before having supervised contact with children. (Appellant's Br. at 13). Nonetheless, he asserts that an isolated statement the district court made at the hearing in which it imposed the condition rendered the approval requirement ambiguous. We disagree. The court's statement—that Castellano "just need[ed] to make the probation officer aware that that is where he is going" (J.A. 35)—related to Castellano's overbreadth objection to a provision of the condition that restricted him from visiting zoos, arcades, and other areas frequented by children. Thus, the court's statement related to the scope of the condition's locational restriction, not the approval requirement. In any event, after the court made the statement, Castellano's counsel asked whether the condition required mere notice, and the court responded by reiterating that Castellano was required to obtain approval from the probation officer or the court.

Furthermore, the approval requirement did not constitute an improper delegation of judicial authority. While a district court may not delegate core judicial functions, such as the imposition of conditions of supervised release and the determination of whether the defendant violated those conditions, "it is a permissible delegation for the probation officer to fashion the means or details of court-ordered conditions." *United States v. Amin*, 85 F.4th 727, 734 (4th Cir. 2023) (cleaned up). And here, the court announced that Castellano

3

was generally prohibited from contact with minors and defined the one exception to that prohibition—namely, that Castellano could be around minors if accompanied by an appropriate, preapproved adult. Thus, the court crafted the boundaries of the condition and merely vested the probation officer with the "interpretive role" of vetting any proposed accompanying adult. *United States v. Elbaz*, 52 F.4th 593, 613 (4th Cir. 2022) (noting that "[i]t is permissible to give probation officers a significant measure of discretion which can vest some interpretive role in the officer" as long there are "some general parameters set on that discretion" (internal quotation marks omitted)), *cert. denied*, 144 S. Ct. 278 (Mem.) (2023). Moreover, the condition provides that the accompanying adult may be approved by the probation officer *or* the court itself. By thus enabling Castellano to bypass the probation office altogether and go directly to the court for permission, the condition ensures that the court retains not only the "ultimate authority" of imposing the condition, but also the authority over the details of its practical implementation. *Amin*, 85 F.4th at 734 ("[A]s long as the [district] court orders the broad principle guiding the condition of release and retains the ultimate authority over revoking release, the court may allow the probation officer to fill in many of the details necessary for applying it." (internal quotation marks omitted)); *Comer* 5 F.4th at 547.

Accordingly, we conclude that the condition's approval requirement does not present a delegation issue and that its meaning is clear.[2] Furthermore, because the record

---

[2] Castellano also argues that the condition's approval requirement violated his due process rights. However, because we conclude that the meaning of the requirement was clear, and Castellano's due process arguments are premised on his contention that the requirement's meaning was vague, we need not address these arguments.

reflects that Castellano violated the condition by being around minors without prior approval, the district court did not abuse its discretion in revoking Castellano's supervised release.  We therefore affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*